### 16953.  BAGLEY v. CLEMENT.

STEPHENS, J.  1. There being no evidence that the defendant knew that the overseer, his alleged agent, had acted for him in purchasing the property, a charge of the court that if the defendant knew that the alleged agent had purchased the property for the defendant and that the defendant kept the property afterwards and used it, this would amount to a ratification, was not adjusted to the evidence; and since the evidence authorized the inference that no agency for the purchase of the property existed, this charge was prejudicial to the defendant, and was error.

2. The court erred also in not submitting to the jury the contention of the

---

Agency, 2 C. J. p. 968, n. 56.
Appeal and Error, 4 C. J. p. 1036, n. 73.
Sales, 35 Cyc. p. 578, n. 16.
Trial, 38 Cyc. p. 1632, n. 10; p. 1633, n. 11.

defendant, which was authorized by the defendant's testimony, that the property remained upon the defendant's farm by virtue of a sale to the overseer himself, and not to the overseer as agent for the defendant.

3. It being a contention of the defendant that no agency whatsoever existed in the overseer for the purchase of the property, a failure of the court to clearly submit this issue to the jury was error.

4. In view of the above rulings, it is unnecessary to pass upon any· of the other assignments of error.

5. The judge of the superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JUNE 15, 1926.

Certiorari; from Fulton superior court—Judge Bell. October 14, 1925.

Clement sued Bagley in the municipal court of Atlanta for the purchase price of certain farm machinery which he contended was sold by him to the defendant through the defendant's overseer in charge of the defendant's farm as the defendant's agent. The defendant denied that the overseer had any authority as his agent to purchase the property sued for, and contended that the property was left by the plaintiff with the overseer for demonstration purposes, and that the overseer afterwards, in the presence of the defendant and the agent of the plaintiff, when the defendant denied that the property had been purchased on his account, promised to pay for the property himself, and that under such an arrangement the property did not remain in the possession of the defendant, but remained in the possession of the overseer, who used it himself. There was evidence to sustain the defendant's contention. A verdict was found for the plaintiff for the full amount sued for. The defendant sued out certiorari, the certiorari was overruled, and he excepted.

*McElreath & Scott,* for plaintiff in error.

*D. K. Johnston,* contra.